**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4529**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY GABRIEL JOHNSON, a/k/a Duck, a/k/a Gotti,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:18-cr-00267-FL-1)

———————

Submitted:  November 3, 2022                    Decided:  December 15, 2022

———————

Before NIEMEYER and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gabriel Johnson appeals the district court's amended judgment of conviction resentencing him to 212 months' imprisonment. Johnson contends that his sentence is procedurally unreasonable because the court did not address his nonfrivolous arguments for a lower sentence. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id*. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

The district court is required to "address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow [us] to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). "The adequacy of the sentencing court's explanation depends on the complexity of each case. There is no mechanical approach to our sentencing review. The appropriateness of brevity or length, conciseness

2

or detail, when to write, what to say, depends upon the circumstances. The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Id*. at 518 (cleaned up). We cannot assume:

> that a sentencing court truly considered the parties' nonfrivolous arguments or the defendant's individual characteristics when the record fails to make it patently obvious. Engaging counsel in a discussion about the merits of an argument in favor of a particular sentence, for example, may be sufficient to permit a reviewing court to infer that a sentencing court gave specific attention to a defendant's argument. Absent such contextual indicators, however, we have declined to guess at the district court's rationale, searching the record for statements or for any other clues that might explain a sentence.

*United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (cleaned up). Nor may we "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). But, where the court addresses the defendant's "central thesis" in mitigation, it need not "address separately each supporting data point marshalled on its behalf." *Id*.

Upon our review of the record, we conclude that the district court did not err. This case was not complex. The court acknowledged that Johnson received his GED, completed a drug program, and was behaving appropriately in prison. But the court observed that Johnson was being resentenced after serving only a year and a half of his original 212-month term. The court highlighted Johnson's lengthy criminal history, the seriousness of the convictions, and the need for deterrence.

We conclude that the district court's reasons for imposing the same term of imprisonment as originally imposed was adequately explained. Accordingly, we affirm

3

the amended judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*